# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| CIERRA BLOODSER,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>MERCHANTS & MEDICAL CREDIT CORPORATION, INC., LANIER COLLECTION AGENCY AND SERVICE, INC. and CBV COLLECTIONS ALBANY, INC.,<br><br>　　　　　　　　Defendants. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Cierra Bloodser ("Plaintiff") brings this action against defendants Merchants & Medical Credit Corporation, Inc. ("Merchants"), Lanier Collection Agency and Service, Inc. ("Lanier") and CBV Collections Albany, Inc. ("CBV") (collectively, "Defendants") and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*. Defendants have been furnishing inaccurate account information that was published on Plaintiff's Equifax credit report. On January 4, 2021, Plaintiff submitted a debt validation letter to each respective defendant disputing the accuracy of their respective reporting and asking each defendant to validate the details of their respective accounts.

2. On January 4, 2021, Plaintiff submitted a written dispute letter to non-party Equifax, disputing the accuracy of Defendants' respective reporting and requesting that Equifax mark the accounts as disputed. Equifax notified each defendant of Plaintiff's dispute.

3. The FDPCA provides that once a debt collector received notice that a consumer disputes the details of an account, the debt collector is prohibited from re-reporting the account without marking the account as disputed. Nonetheless, Defendants continued to each communicate respective account information without marking the respective accounts as disputed or otherwise updating the respective accounts as necessary. Defendants' reporting was thus misleading as a matter of law.

4. Plaintiff was later denied an extension of credit based on the misleading information communicated by Defendants and has been forced to deal with the aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

5. The claims asserted in this complaint arise under 15 U.S.C. §1692e of the FDCPA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

## PARTIES

7. Plaintiff resides in the Lee County, Georgia, and qualifies as a "consumer" as that term is defined under 15 U.S.C. §1692a. Plaintiff is an individual.

8. Lanier is a Georgia corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Lanier qualifies as a "debt collector" under the FDCPA.

9. Merchants is a Michigan corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of

which is to attempt to collect debts alleged to be due another.  Merchants qualifies as a "debt collector" under the FDCPA.

10.     CBV is a Georgia corporation and debt collection agency that uses the mail, telephone, and facsimile, and is registered to do business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another.  CBV qualifies as a "debt collector" under the FDCPA.

## SUBSTANTIVE ALLEGATIONS

11.     The case involves one Lanier collection accounts and two Merchants collection accounts that was reported on Plaintiff's Equifax credit report.  The original creditor of both Merchants accounts and the Lanier account was South Georgia Radiology.  The Merchants accounts were charged off and purportedly sold to Merchants in November 2017 and March 2017.  The Lanier account was charged off and purportedly sold to Lanier in November 2017. The original creditor of the CBV account was Albany Area Primary Health, and the CBV account was charged off and purportedly sold to CBV in August 2018.

12.     On January 4, 2021, after Plaintiff learned that Defendants communicated inaccurate information about their respective collection accounts, Plaintiff sent a debt validation letter directly to each Defendant disputing the accuracy of information on their respective account.

13.     Under the FDCPA, the receipt of Plaintiff's respective debt validation letter required each Defendant to cease communicating information about their respective accounts without marking the accounts as disputed.

14.     On January 4, 2021, Plaintiff also disputed the Defendants' account reporting by submitting a written dispute letter to Equifax's FCRA compliance department.

15. Under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, upon receiving Plaintiff's dispute letter, Equifax was statutorily obligated to notify each Defendant of the dispute within five days.

16. Defendants' receipt of notification of Plaintiff's dispute triggered each Defendant's statutory obligations to conduct an investigation, mark the accounts as disputed, and delete the disputed information from Plaintiff's accounts.

17. Nonetheless, Defendants each continued to communicate account information without marking the accounts as disputed.

18. Plaintiff was later denied the extension of further credit based on the inaccurate communications.

## CAUSES OF ACTION

## COUNT I

### Against Defendants for Violating 15 U.S.C. § 1692e

19. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

20. 15 U.S.C. §1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Subsection (8) of that provision specifically states that "the failure to communicate that a disputed debt is disputed" is a violation of this section, as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \* \* \*
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(emphasis added).

21. Merchants received a debt validation letter from Plaintiff stating that information on its accounts was disputed.

22. Further, upon information and belief, Merchants was notified by Equifax that Merchants' account information was disputed.

23. Lanier received a debt validation letter from Plaintiff stating that information on its account was disputed.

24. Further, upon information and belief, Lanier was notified by Equifax that Lanier's account information was disputed.

25. CBV received a debt validation letter from Plaintiff stating that information on its account was disputed.

26. Further, upon information and belief, CBV was notified by Equifax that CBV's account information was disputed.

27. Nonetheless, Defendants each continued to report the details of Plaintiff's respective accounts to the credit reporting agencies without marking the accounts as disputed.

28. Plaintiff was later denied an extension of credit on the basis of the inaccurate reporting and has been forced to deal with the aggravation and humiliation of a poor credit score.

29. Accordingly, Plaintiff is entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages;

b) awarding attorney's fees and costs, and other relief; and

c)  awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 5, 2021                              THE OAKS FIRM

                                                               /s/ *Misty Oaks Paxton, Esq.*
                                                              MISTY OAKS PAXTON, ESQ.

                                                              3895 Brookgreen Point
                                                              Decatur, Georgia 30034
                                                              Tel: (404) 725-5697
                                                              attyoaks@yahoo.com

Of Counsel:

**COHEN & MIZRAHI LLP**
Edward Y. Kroub
Moshe O. Boroosan (pro-hac vice forthcoming)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
edward@cmlattorneys.com
moshe@cmlattorneys.com

*Attorneys for Plaintiff*